UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIM ROUNDS,<br><br>                              Plaintiff,<br><br>             vs.<br><br>THE HARTFORD; HARTFORD FINANCIAL SERVICES, INC.; and HARTFORD CASUALTY INS. CO.,<br><br>                              Defendants. | 4:20-CV-04010-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' CROSS MOTION FOR PROTECTIVE ORDER AND CROSS MOTION TO APPROVE FORM OF PROTECTIVE ORDER |

Plaintiff, Tim Rounds, moves for a protective order. Docket 33. Rounds included a proposed confidentiality agreement with his motion. Docket 34-1. Defendants, The Hartford, Hartford Financial Services, and Hartford Casualty Insurance (collectively referred to as Hartford), filed a cross motion for protective order and a cross motion to approve Hartford's form of protective order. Dockets 49, 50. Hartford also responded to Rounds's motion. Docket 51. Rounds responded to Hartford's cross motion and replied to Rounds's motion for protective order. Docket 85, 87. For the reasons described in this order, Rounds's motion is granted in part and denied in part, and Hartford's motions are granted in part and denied in part.

## BACKGROUND

Rounds filed a complaint on January 14, 2020, alleging insurance bad faith and unfair trade practices. *See* Docket 1. The complaint alleges that on

July 2, 2015, Rounds lost his footing and fell during an inspection of a metal roof while employed at Doss & Associates. *Id.* ¶¶ 6-8. On July 9, 2015, Rounds was diagnosed with a left cerebellar stroke caused by a left vertebral artery dissection (VAD). *Id.* ¶ 10. Rounds was flown to Sioux Falls and hospitalized at Sanford Hospital for ten days. *Id.* ¶ 14. This diagnosis resulted in medical bills, lost wages, and some alleged permanent impairment. *Id.* ¶¶ 16-17. Rounds notified his employer of the July 2, 2015 falling incident within the time frame required by South Dakota worker's compensation law. *Id.* ¶ 19.

Hartford denied Rounds's claim for workers compensation on November 6, 2015. *Id.* ¶ 32. Hartford informed Rounds that it would only provide workers compensation if it was confirmed that the workplace accident caused the injury. *Id.* ¶ 34. The denial informed Rounds that the stroke was likely idiopathic. Docket 8 ¶ 29.

As a result of the denial, Rounds was allegedly "forced" to hire an attorney. Docket 1 ¶ 41. In 2017, Rounds obtained a statement from Dr. Bassell Salem saying that the slip-and-fall incident was a major contributing cause of Rounds's artery dissection and stroke. *Id.* ¶ 49. On July 17, 2017, Rounds filed a Petition for Hearing with the Department of Labor to enforce his right to payment of worker's compensation benefits. *Id.* ¶ 58. Despite initially denying Rounds's claims, Hartford admitted on January 10, 2018, that the artery dissection arose out of an accident during employment. *Id.* ¶ 62. On July 11, 2019, the Department of Labor sided with Rounds, ordering Hartford to pay

medical and disability benefits to Rounds. *Id.* ¶¶ 64-66. A few months later, Rounds filed this lawsuit in federal court. *See* Docket 1.

On May 20, 2021, Rounds moved for a protective order. Docket 33. Rounds alleges that the parties have discussed a prospective protective order but have not been able to agree on final language. Docket 34 at 2. Because of this, Rounds alleges that his proposed language is "consistent with this Court's prior rulings on the proper scope of protective orders[,]" and thus, should be approved. *Id.* at 7.

In support of his argument, Rounds provided a proposed Stipulated Confidentiality Agreement, where he made changes that he believed were appropriate considering the needs of the parties and applicable caselaw. Docket 34-1. In his brief, Rounds explains his proposed changes, paragraph by paragraph, alleging that these changes should be approved based on case precedent and the correct legal standard. Docket 34 at 7-11. Rounds alleges that his interest is in "achieving efficiency and avoiding unnecessary motion practice[.]" *Id.* at 11.

On June 30, 2021, Hartford filed a response to Rounds's proposed protective order. Docket 51. Hartford agrees with Rounds that a protective order should be entered to protect the privacy and confidentiality of the parties. *Id.* at 1. Hartford contends that it acted reasonably in proposing a protective order, including letting Rounds choose which template to use. *Id.* at 2. Hartford argues that "[Rounds's] proposed form of Order unreasonably demanded concessions regarding admissibility of yet-to-be-determined documents and evidence at trial,

3

retention of proprietary documents after the litigation was concluded, and unreasonable burdens for marking and describing privileged documents." *Id.* Hartford argues that "[t]he Court should reject [Rounds's] proposed form of protective order because it is unnecessarily burdensome, complicated, confusing, time consuming and there is no need to add additional hurdles to procedures of confidentiality that are already established by court rules or case law." *Id.* at 2-3.

Hartford filed a cross motion for protective order and cross motion to approve form of protective order. Dockets 49, 50. Hartford asks the court to approve its proposed protective order. Dockets 19, 50; Docket 58-2 at 2. This proposal is the exact same wording used by Rounds prior to Rounds adding numerous changes based on his preferred terms. Docket 34-1. Hartford notes that its proposed protective order has been approved in this district and by other United States District Courts. Docket 51 at 6. According to Hartford, it is "a commonly-used form that should have been uncontroversial." *Id.*

In his brief, Rounds included a Rule 37 certification, confirming that the parties acted in good faith in negotiating a protective order before requesting court intervention. Docket 34 at 3. Hartford provided the same certification in its Cross Motion for Protective Order and Cross Motion to Approve Form of Protective Order. Dockets 49, 50. While the parties have mutually agreed that a protective order is appropriate, they cannot agree upon the precise wording of such an order. Docket 34 at 3.

4

## DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure provides,

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). The trial court has significant discretion in either granting or denying a protective order. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Rule 26(c) confers broad discretion on the court to decide when a protective order is appropriate and what degree of protection is required. *Miscellaneous Docket Matter No. 1. v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). This discretion is necessary, as "[t]he trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party. *Gen. Dynamics Corp.*, 481 F.2d at 1212. In establishing that a protective order is justified, "[t]he burden is [on] the movant to show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements[.]" *Id.* (quotation omitted). Thus,

5

Rounds, as the party seeking to invoke his preferred terms of the protective order, has the burden of proving that his terms are consistent with the principles of Rule 26(c). *Id.*

The movant must demonstrate good cause to have his preferred terms included in the protective order. *Gen Dynamics Corp.*, 481 F.2d at 1212; *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (citations and quotation omitted).

In *Pansy v. Borough of Stroudsburg*, the court addressed the "balancing between public and private concerns" in crafting a protective order. *Pansy*, 23 F.3d at 786. The court stated,

> In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process . . . . [T]he court . . . must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. When the risk of harm to the owner of [a] trade secret or confidential information outweighs the need for discovery, disclosure [through discovery] cannot be compelled, but this is an infrequent result.

> Once the court determines that the discovery policies require that the materials be disclosed, the issue becomes whether they should be disclosed only in a designated way, as authorized by the last clause of Rule 26(c)(7). . . . Whether this disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public. Courts also have a great deal of flexibility in crafting the

6

> contents of protective orders to minimize the negative consequences
> of disclosure and serve the public interest simultaneously.

*Id.* at 787 (quotations omitted). In addition, the court must balance whether the

potential harm to the party of unrestricted disclosure of confidential information

outweighs the public interest in disclosure. *Id.*

Hartford wants a protective order to protect its "confidential and propriety

business records and documents including trade secrets, which should not be

subject to public disclosure or access." Docket 51 at 2. Under Rule 26(c), courts

may grant protective orders to prevent or limit the disclosure of trade secrets or

"other confidential research, development, or commercial information[.]" Fed. R.

Civ. P. 26(c)(1)(G). The importance of protecting trade secrets is explained by the

Eighth Circuit:

> Confidential business information has long been recognized as
> property. Because of the intangible nature of a trade secret,
> however, the extent of the property right therein is defined by the
> extent to which the owner of the secret protects his interest from
> disclosure to others. Public disclosure of trade secrets extinguishes
> the owner's property rights.

*In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991) (internal

quotation marks and citations omitted). Courts routinely grant protective orders

that limit access to sensitive or proprietary information. *Burke v. Ability Ins. Co.*,

No. 12-04051, 2013 WL 842512, at *2 (D.S.D. Mar 6, 2013). Thus, this court

must recognize the importance of facilitating the disclosure of sensitive

commercial information, like Hartford's alleged trade secrets, that fall under the

protections of Rule 26. *Id.*

Here, the question is what party's preferred terms should be included in the protective order. This court will address each proposed change, paragraph by paragraph. If the proposed change is approved, the wording of that paragraph will reflect the terms proposed by Rounds. Docket 34-1. If the proposed change is denied, the wording will reflect the terms of Hartford's proposed order. Docket 58-2.

**Paragraph 1:**

In paragraph one, Rounds proposes additional language makes it clear that a party's confidentiality designations are subject to challenge. Docket 34 at 7. According to Rounds, "[w]ithout that clarification the parties would have *carte blanche* authority to designate and implement confidentiality." *Id.* Rounds proposes an exception, which would not require attorneys to inform the attorneys' staff and court personnel that the protected materials are subject to the confidentiality agreement. Docket 34-1 at 1. At the end of the first paragraph, Rounds adds an additional line that says, "[t]his agreement shall not effect or abridge the right of any party to . . . make a motion challenging whether a document or portions of a document designated as CONFIDENTIAL are actually entitled to confidentiality." *Id.* at 2. Hartford objects to these proposals, calling them "not necessary, redundant, and confusing." Docket 51 at 18.

Here, Rounds cites to two cases from this district to support his argument that his preferred language be included in paragraph one. *See* Docket 34 at 7. In addition, Rounds cites to two additional cases to demonstrate that courts should "avoid giving *carte blanche* authority to determine confidentiality." *Id.* at

8

4; *Hobbs v. Emp. Mut. Cas. Co.*, No. 17-05040, 2018 WL 324867, *2 (D.S.D. Jan. 8, 2018) (denying the parties the ability to designate at will whether an item shall be labeled as confidential). These citations and explanations are reasonable and sufficient to demonstrate good cause. *Gen Dynamics Corp.*, 481 F.2d at 1212. Thus, Rounds's proposals for paragraph one are approved.

**Paragraph 2:**

In paragraph two, Rounds proposes additions to make it clear that the designating party will make reasonable efforts to limit confidentiality designations to those portions of the documents that are actually entitled to confidentiality. Docket 34 at 7. Hartford objects to this proposal, as it "would require Hartford to review and mark as confidential only those lines or paragraphs in a document that contain technical confidential material[.]" Docket 51 at 18-19.

In *IDT v. eBay Inc.*, the Eighth Circuit noted that portions of a document may be accessed without jeopardizing the confidentiality of sensitive information. 709 F.3d 1220, 1224 (8th Cir. 2013). But the court also acknowledged that confidential information may be so embedded in a document that line-by-line redaction is impossible. *Id.* Under this authority, it is entirely appropriate to designate portions of a document as confidential while disclosing the rest of the document without a confidential designation. *Id.* While Hartford is concerned about the burden it will take to read through more than 600 pages of documents, this burden is not enough to negate Rounds's showing of good

cause. *See* Docket 34 at 8. Because Rounds sufficiently demonstrated good cause, his proposals for paragraph two are approved.

**Paragraph 3:**

In paragraph three, Rounds attempts to make it clear that merely being treated as confidential by Hartford does not, standing alone, establish that information as confidential. Docket 34 at 8. Instead, Rounds proposes that the information must be "recognized by law as establishing entitlement for confidential treatment[.]" Docket 34-1 at 2. Hartford objects to this proposal, calling it "another example of an unnecessary and problematic edit to a well-worn provision." Docket 51 at 19.

Rounds's contentions are ambiguous, as he does not explain how information will be "recognized by law" as confidential. *See* Docket 34-1 at 2-3. Rounds does not provide a mechanism or a legal standard that the parties can use to recognize what is confidential outside of the definition already included in Hartford's proposed protective order. *Id.* In addition, Rounds's contentions are broad and do not specifically articulate why his proposed changes are necessary. *See Pansy*, 23 F.3d at 786. These broad contentions are not enough to establish good cause. *Id.* The definition provided in Hartford's proposed protective order is sufficient to determine confidentiality and attempting to clarify that definition would create ambiguity and confusion. *See* Docket 51 at 20. Because Rounds did not meet his burden of demonstrating good cause, Rounds's proposals for paragraph three are denied.

**Paragraph 4:**

In paragraph four, Rounds attempts to include a clause stating that documents produced must be owned by the producing party, and that the document must be a true and correct copy of that party's business records. Docket 34 at 8. Hartford objects to this proposal, calling it "unnecessary and simply creating potential ambiguity to what is already a clear procedure." Docket 51 at 20.

Rounds does not provide any caselaw to support his proposed language, nor does he provide a material basis for why this addition is necessary. *See* Docket 34 at 8. To meet the good cause standard, Rounds must provide specific and articulated examples of reasoning; broad concerns like the ones alleged here are insufficient. *Pansy*, 23 F.3d at 786. While Rounds may fear that Hartford might claim lack of ownership of proprietary documents, this fear is mere speculation, and does not provide good cause for adopting his proposed terms. *Id.* Because Rounds did not meet his burden of establishing good cause, Rounds's proposed changes for paragraph four are denied.

**Paragraph 5:**

In paragraph five, Rounds proposes adding language making it clear that the order may be modified by the court. Docket 34 at 8. While Hartford admits that the court has the inherent power to modify a protective order, they argue that Rounds's proposed revisions are unnecessary, redundant, and confusing. Docket 51 at 20.

It is well established that it is within a court's discretion whether to amend or modify a protective order. *See Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 955 (8th Cir. 1979). Here, both parties acknowledge that this court holds such power. Docket 34 at 8; Docket 51 at 20. Because this legal standard is undisputed by both parties, this court finds good cause to justify including the proposed changes. *Gen. Dynamics Corp.*, 481 F.2d at 1212. Because the good cause standard is met, Rounds's proposed changes to paragraph five are approved.

**Paragraph 6:**

In paragraph six, Rounds proposes adding language making it clear that only those portions of documents containing confidential material shall be protected, and those portions not containing protected materials are not protected. Docket 34 at 8-9. Hartford objects to this proposal, calling it "not necessary and unsupported by any case law or approved protective orders." Docket 51 at 20. Hartford alleges that there is no such requirement in various United States District Court protective orders or other orders approved by this court to go line-by-line through hundreds of pages of documents. *Id.*

To support his argument that line-by-line or portion-by-portion inspection and designation is appropriate, Rounds references back to *IDT v. eBay*. Docket 34 at 9. In *eBay*, the Eighth Circuit noted that while it is difficult to go line-by-line through hundreds of pages of documents to determine confidentiality, it is not impossible. *See eBay*, 709 F.3d at 1224. According to the court, it is reasonable to designate portions of a document as confidential while disclosing

12

the rest of the document for discovery. *Id.* Thus, Hartford's alleged concerns are not enough to negate Rounds's showing of good cause. Because Rounds successfully demonstrates good cause, his proposals for paragraph six are approved.

**Paragraph 7:**

In paragraph seven, Rounds proposes adding language requiring that a party seeking to seal documents used as exhibits to dispositive motions or trial exhibits make that request at the time they are offered as exhibits, so the court can consider the request under the standards applicable to dispositive motion exhibits or trial exhibits. Docket 34 at 9. Hartford objects to these proposals, contending that their proposed protective order adequately provides a mechanism to file confidential documents or challenge their confidential designation. Docket 51 at 21.

To support his contention that these additions are necessary, Rounds relies on several non-binding cases: *Today's Office, Inc. v. Steelcase, Inc.*, 2019 WL 7833958, at *1 (E.D. Ark. Dec. 3, 2019); *Schedin v. Ortho-McNeil-Janssen Pharm., Inc.*, 2011 WL 1831597, at *3 (D. Minn. May 12, 2011); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018); *BASF Corp. v. SNF Holding Co.*, 2019 WL 3554699, at *3 (S.D. Ga. Aug. 5, 2019); *Baack v. Asurion, LLC*, 2020 WL 4431669, at *1 (D. Nev. July 30, 2020); *Am. Claims Mgmt., Inc v. Allied World Surplus Lines Ins. Co.*, 2020 WL 3078397, at *2 (S.D. Cal. June 9, 2020).

Hartford's proposed protective order adequately provides a mechanism to determine whether documents should be sealed when submitted to the court.

*See* Docket 58-2 at 3. Attempting to clarify this mechanism is only going to cause more ambiguity and confusion, especially when Rounds's proposed language invites a party to submit documents without notice and conferral to the other side. Docket 34-1 at 4. As Hartford points out, this court would prefer "conferral and pre-motion resolution, not sandbagging and surprise." Docket 51 at 21. Because of these reasons, Rounds's proposals for paragraph seven are denied.

**Paragraph 8:**

No changes have been proposed, and thus, paragraph eight is approved.

**Paragraph 9:**

In paragraph nine, Rounds again proposes language clarifying that only those portions of documents containing confidential material shall be treated as confidential. Docket 34 at 10. Hartford objects to these proposed additions, calling them "unnecessary and redundant." Docket 51 at 21.

In *IDT v. eBay*, the Eighth Circuit noted that portions of a document can be labeled as confidential while disclosing the rest of the document for discovery. *See eBay*, 709 F.3d at 1224. Rounds previously established that this fact justifies his proposed additions for paragraphs two and six. In addition, this court finds Rounds's proposals to be entirely reasonable. As a result, Rounds's proposed additions for paragraph nine are approved.

**Paragraph 10:**

In paragraph ten, Rounds proposes adding language making it clear that if a party challenges confidentiality, the standard for determining entitlement to

confidentiality remains the same and is not changed by this agreement. Docket 34 at 10. Hartford objects to this proposal, calling it redundant and unproductive. Docket 51 at 21.

Because Rounds's proposal is reasonable and accurately states the law, the court finds good cause has been shown. Thus, Rounds's proposal for paragraph ten is approved.

**Paragraph 11:**

In paragraph eleven, Rounds proposes additional language clarifying that protected materials may be used in support of motions and are subject to the protective order. Docket 34-1 at 5. Hartford does not object to these proposed additions. Docket 51 at 21. Thus, Rounds's proposals for paragraph eleven are approved.

**Paragraph 12:**

In paragraph twelve, Rounds proposes adding language making it clear that while confidential materials will be returned or destroyed at the end of litigation, these materials may be challenged to the court, which in turn could prevent the destruction of documents. Dockets 34 at 10, 34-1 at 5-6. Hartford objects, contending that this provision "effectively gives [Rounds] a second bite at the apple for keeping confidential documents after the litigation is finalized." Docket 51 at 22.

It is undisputed that the court may modify a protective order. *Bagley*, 601 F.2d at 955. If a party can show good cause as to why documents disclosed during discovery should not be destroyed, the court should have the power to

15

grant said relief. Because Rounds successfully demonstrated good cause, Rounds's proposals for paragraph twelve are granted.

**Paragraph 13:**

In paragraph thirteen, Rounds includes a proposal mirroring HIPAA's requirement that "parties will not publicly disclose personal identifying information relating to the personal health, medical condition, or financial affairs of any third party gained through discovery in this litigation without written consent of the third party." Docket 34-1 at 6. Hartford accepts that this proposal is binding law but contends that including this proposal is unnecessary because the HIPAA rules apply regardless of whether it is written into the protective order. Docket 51 at 22.

Both parties agree that the HIPAA rules apply to disclosed records and Hartford does not contend that the proposed language is contrary to HIPAA. *See Id.* Because the proposed language is consistent with the law and good cause has been shown, Rounds's proposals for paragraph thirteen are accepted.

**Paragraph 14:**

In paragraph fourteen, Rounds includes a proposal mirroring Local Rule 7, which requires redaction of "birth dates, home addresses, social security numbers, or financial account numbers of any individual." Docket 34-1 at 6. Hartford objects to this proposal, calling it unnecessary, superfluous, and ambiguous. Docket 51 at 22.

16

Hartford agrees that this proposal is binding on the parties. *Id.* Like paragraph fourteen, this proposal is consistent with the law and good cause has been shown. Thus, Rounds's proposal for paragraph fourteen is approved.

**Paragraph 15:**

In paragraph fifteen, Rounds includes a proposal mirroring HIPAA, mandating that "[a]t the close of this litigation the parties agree to return or destroy those documents which contain 'individually identifiable health information' of third persons . . . unless the third person consents to retention of the information." Docket 34-1 at 6. Hartford objects to this proposal, alleging that the proposed wording will create unnecessary confusion and ambiguity. Docket 51 at 22.

Both parties agree that the HIPAA rules apply to disclosed records and Hartford does not contend that the proposed language is contrary to HIPAA. *See Id.* Because the proposal is consistent with the law and good cause has been shown, Rounds's proposal for paragraph fifteen is accepted.

**Paragraph 16:**

In paragraph sixteen, Rounds proposes a clause that states: "[t]he confidentiality provided by this agreement does not extend to materials or information that are already part of the public record or are reasonably available through means other than production in this section." Docket 34-1 at 6. Rounds contends that this proposal mirrors existing law. Docket 34 at 11. Hartford contends that this proposal is inconsistent with public policy and should not apply to documents obtained illegally. Docket 51 at 22. Further, Hartford

17

expressed its concern with "attempts to obtain confidential documents thorough [sic] improper means, so as not to be bound by the terms of the protective order." *Id.*

To support his argument, Rounds relies in part on *Kirschling v. Atlantic City Bd. of Educ.,* 2014 WL 5320162, at *3 (D.N.J. Oct 17, 2014). In *Kirschling,* the District of New Jersey held that the plaintiff did not sufficiently demonstrate good cause to have certain documents sealed. *Id. at *3.* While the holding suggests that publicly available documents may not be protected, this holding is pursuant to New Jersey Local Civil Rule 5.3, a rule that is not applicable in the District of South Dakota. *Id.* Moreover, this holding is applicable to a motion to seal, not a motion for protective order like in the instant case. *Id.* Thus, the holding of this case has little legal applicability to Rounds's pending motion.

In *Campie,* the Northern District of California held that "Gilead may not seal information that is publicly available claiming that it is confidential and trade-secret related." *United States ex rel. Campie v. Gilead Sciences, Inc.*, 2014 WL 12929889, at *5 (N.D. Cal. Aug. 4, 2019). There, the court noted that "[i]nformation that is public knowledge or that is generally known in an industry cannot be a trade secret[.]" *Id.* (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)).

In *Joint Equity Committee,* the Central District of California noted that it is "egregious" for defendants to "attempt to seal news articles that are available in the public domain." *Joint Equity Comm. of Inv. of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.*, 2012 WL 234396, at *2 (C.D. Cal. Jan. 24,

18

2012). There, the court noted that a quick Google search could reveal the information the defendants sought to be protected, thus reducing the legitimacy of the defendant's interest to have this information labeled as confidential. *Id.* While *Joint Equity Committee* discusses the confidentiality of publicly available documents, it applies to a defendant's motion to seal, not a protective order. *Id.*

Here, Rounds does not show that Hartford is attempting to seal information that is publicly available. Docket 34 at 11. Thus, this case differs from *Joint Equity Committee*, where the defendants were actively trying to seal information that was publicly available. *Joint Equity Comm.*, 2012 WL 234396 at *2. Rounds merely presents broad contentions without specific allegations of harm, which is not enough to meet the good cause standard. *Pansy*, 23 F.3d at 786. For these reasons, Rounds's proposed additions for paragraph sixteen are denied.

**Paragraph 17:**

In paragraph seventeen, Rounds proposes a clause that states: "[t]he parties may submit this stipulation to the Court for entry of an order consistent with the terms herein, but the agreement herein shall be effective upon execution of this agreement." Docket 34-1 at 6. Hartford does not object to these proposed additions. Docket 51 at 22. Thus, Rounds's proposals for paragraph seventeen are approved.

**Paragraph 18:**

Paragraph eighteen is the same as the original proposal, and thus, paragraph eighteen is approved as written.

19

**CONCLUSION**

This court considered Rounds's proposals and Hartford's objections to determine, paragraph-by-paragraph, the legally correct terms of the confidentiality agreement. It is thus

ORDERED that:

1. Rounds's Motion for Protective Order (Docket 33) is approved in part and denied in part.

2. Hartford's Cross Motion for Protective Order (Docket 49) is approved in part and denied in part.

3. Hartford's Cross Motion to Approve Form of Protective Order (Docket 50) is approved in part and denied in part.

4. The Protective Order shall reflect Hartford's proposed protective order for all paragraphs where Rounds's proposed additions were denied. For all paragraphs that Rounds's proposed additions were accepted, the paragraph shall reflect the wording proposed by Rounds.

5. The parties shall file a protective order for the court's approval reflecting the rulings of this order.

Dated August 9, 2021

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE